IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **SAMUEL THAMAR JAMES,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:21CV00191 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **J. C. STREEVAL,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Samuel Thamar James, Pro Se Petitioner.*

The petitioner, Samuel Thamar James, proceeding pro se, filed this action as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 while he was incarcerated at the United States Penitentiary in Lee County, Virginia ("USP Lee"). After review of the record, I conclude that his § 2241 case must be summarily dismissed for lack of jurisdiction.

In March 2009, a grand jury in the United States District Court for the Middle District of Florida returned an Indictment charging James with one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). The government filed an Information and Notice of Prior Convictions, pursuant to 21 U.S.C. § 851(a), alleging that James had two prior state court convictions: one for delivery and possession of cocaine, and one for possession of cocaine with intent to distribute. James did not contest

these convictions. A jury found James guilty of a lesser-included offense of possession with the intent to distribute less than five grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(C).[1]

Enhancing the sentence based on these prior convictions, the court sentenced James to 262 months in prison. James did not obtain relief on direct review. *United States v. James*, 642 F.3d 1333 (11th Cir.), *cert. denied*, 132 S. Ct. 438 (2011). His motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 was also unsuccessful. *United States v. James*, No. 8:09-CR-89-T-23TBM, 2017 WL 1838528, at *1 (M.D. Fla. May 8, 2017), *cert. appealability denied*, 2017 WL 7688260 (11th Cir. Nov. 21, 2017) (unpublished).

James filed this § 2241 action, contending years after his conviction that he is statutorily innocent of his conviction under 21 U.S.C. § 841(b)(1)(B)(iii). Specifically, he asserts that in light of *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), "the conviction and sentence [were] procedurally improper." Pet. 2, ECF No. 1. James claims that although the jury found him guilty of a lesser drug amount, the sentencing judge made his own finding, without a jury, that James

---

[1] The written judgment filed in the case erroneously stated that James was convicted of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B)(iii). *United States v. James*, 642 F.3d 1333, 1337, (11th Cir. 2011). The court of appeals remanded the case for correction of this clerical error. *Id.* at 1343.

should be sentenced for a higher drug weight under § 841(b)(1)(B)(iii). As such, James seeks relief from his conviction.

Normally, after the conclusion of direct review, a federal prisoner seeking to overturn his conviction may file a motion under 28 U.S.C. § 2255 to collaterally attack his conviction. *Davis v. United States*, 417 U.S. 333, 343 (1974). A district court cannot entertain a § 2241 petition challenging a federal conviction unless the petitioner proves that the remedy available by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) ("the savings clause"); *United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). The United States Court of Appeals for the Fourth Circuit has concluded

> that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

James cannot satisfy this standard, because he fails to identify any intervening change in substantive law that decriminalized the acts for which he was convicted. Without question, the possession with intent to distribute cocaine base offense for which James stands convicted remains a violation of federal criminal law. Because he thus fails to satisfy the jurisdictional requirements under *Jones* to proceed with

these claims in a § 2241 petition under the savings clause, I must summarily dismiss his petition for lack of jurisdiction.

James also misrepresents the facts in his case when he claims the judge made independent findings regarding drug weight for purposes of the statute of conviction. As I have stated, the jury found James guilty of possession with intent to distribute less than five grams of cocaine base, and the written judgment as corrected after the direct appeal reflects that he was convicted under § 841(b)(1)(C). Indeed, the presiding judge expressly recognized at sentencing the difference between the offense charged and the offense for which the jury found James guilty. *United States v. James*, 8:09-CR-00089-SDM-TBM, Sent'g Tr. 3, ECF No. 66 (M.D. Fla. Jan. 12, 2010). With no objection from the defense, the judge adopted an offense level of 34 and a criminal history category of six, based on James's prior drug convictions. It so happened that these calculations rendered an advisory sentencing range of 262 to 327 months, the same guidelines range that would have applied if James had been convicted of the § 841(b)(1)(B)(iii) offense involving more than five grams of cocaine base. *James*, 2017 WL 1838528, at *5. In calculating this range, however, the sentencing judge properly considered James's prior convictions. *James*, 642 F.3d at 1343 (11th Cir. 2011) ("Binding precedent forecloses James's argument that the district court erred by enhancing his statutory maximum based on prior convictions not proven to a jury beyond a reasonable doubt.") (citing *Almendarez–*

*Torres v. United States*, 523 U.S. 224, 228–47 (1998)).  Because James fails to demonstrate jurisdiction for his claims to be addressed in a § 2241 petition, and because the facts of his case contradict his argument for reversal of his conviction,[2] I must dismiss his petition without prejudice.

A separate Final Order will be entered herewith.

DATED:  August 9, 2021

/s/  JAMES P. JONES
United States District Judge

---

[2]  James does not expressly argue that his federal sentence is fundamentally defective.  Such a claim fails, in any event.  An even more stringent standard applies when a defendant claims that a § 2255 motion is inadequate and ineffective to test the legality of a sentence.  The defendant must show that:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1318 (2019).  The only new law on which James relies is *Molina-Martinez*, which held that a defendant who is sentenced under an incorrect guideline range may rely on that fact to show a reasonable probability that the district court would have imposed a different sentence under the correct range.  James fails to demonstrate, however, that the *Molina-Martinez* decision has been applied retroactively to cases on collateral review, or that the sentencing range applied in his case could be deemed a fundamental defect.  Indeed, for reasons stated, the court of appeals determined that the sentence enhancement based on James's prior convictions was proper.